**MORTGAGE RECOVERY LAW GROUP LLP**
PAUL LEVIN (State Bar No. 229077)
EMILIA P. E. MORRIS (State Bar No. 253681)
700 North Brand Boulevard, Suite 830
Glendale, CA 91203
TELEPHONE: (818) 630-7900 ♦ Facsimile:  (818) 630-7920
EMAIL:      paul.levin@mortgagerecoveries.com
                  emilia.morris@mortgagerecoveries.com

Attorneys for Plaintiff Federal Deposit Insurance
Corporation as Receiver for AmTrust Bank

**LAW OFFICE OF MARY A. DANNELLEY**
MARY A. DANNELLEY (State Bar No. 175457)
160 Newport Center Dr., Ste. 120
Newport Beach, CA 92660
Telephone: (949) 252-1600 ♦  Facsimile: (949) 252-1611
E-mail:      mary@dannelleylaw.com

Attorneys for Defendant United American Mortgage Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK | Case No. 8:15-cv-02013 |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| UNITED AMERICAN MORTGAGE CORPORATION, a California corporation, | |
| Defendant. | |

This Stipulated Protective Order ("Protective Order") is submitted by the Plaintiff, FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK ("FDIC-R" or "Plaintiff"), and Defendant UNITED AMERICAN MORTGAGE CORPORATION ("UAMC" or "Defendant") (collectively, the "Parties").

## RECITALS

WHEREAS on December 4, 2009, the Office of Thrift Supervision closed AmTrust Bank ("AmTrust" or the "Bank") and appointed the FDIC as Receiver pursuant to 12 U.S.C. §§ 1464(d)(2)(A) and 1821(c)(5);

WHEREAS, on December 2, 2015, the FDIC-R filed an action in the United States District Court for the Central District of California, Civil Action No. 8;15-cv-02013 (the "Action"), against Defendant seeking damages (the "FDIC-R Claims"); and

WHEREAS, this case necessarily involves confidential bank information and personally identifiable information of borrowers that are confidential and generally protected from disclosure under FDIC rules and regulation (12 C.F.R. §§ 308 and 309), the information privacy provisions of the Graham-Leach-Bliley Act (15 U.S.C. §6801, *et seq.*) and/or the laws of the State of California or other federal or state laws and in anticipation of producing or otherwise revealing other such documents, jointly submit this Protective Order, which shall govern the production

1

and treatment of confidential material (as defined herein) in this Action.

Accordingly, pursuant to Rule 26(c), Federal Rules of Civil Procedure, it is hereby:

ORDERED and ADJUDGED that this Protective Order shall govern the production and handling of information exchanged by both the Parties and by third parties in these proceedings as follows:

1.     ***Purpose***.   This Protective Order is entered for the purpose of the Parties exchanging confidential documents and information in connection with this litigation.  This Protective Order also shall apply to and govern the production of confidential documents by third parties in connection with the litigation.  The Protective Order is necessary because some documents produced hereunder contain information protected from disclosure by law, including private and protected financial information about consumers (such as protected by the Gramm-Leach-Bliley Act (Pub L 106-102) and its implementing regulations) ("Non-Party Borrower Information"), confidential regulatory information, proprietary work product, or commercially sensitive information, disclosure of which could result in violation of law, or harm to individual consumers, third parties, or the Parties.

2.     ***Definition of Confidential Material.***  For purposes of this Protective Order, "Confidential Material" shall mean certain documents, records, and information composed or stored in written, electronic, digital, or any other

2

medium, provided by any Party or third party pursuant to this Protective Order, and to any information identifying any names, addresses, account information, personal information (such as social security number, date of birth, and any other personal identification information) recognized by law as, or required to be maintained as, confidential, including, without limitation, the following:

(a) ***Regulatory***:  Confidential Material related in any way to the regulation or supervision of the Bank, in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC in its corporate capacity, or any other federal or state regulatory authority, and any documents containing confidential information obtained from any documents and records related to the supervision or regulation of the Bank.  The Parties understand and agree that the release of such regulatory information may require approval from independent government agencies, and that no regulatory documents, however obtained, will be disclosed to third parties not covered by this Protective Order, unless otherwise ordered by the Court.

(b) ***Statutory***:  Confidential Material includes documents that are confidential pursuant to the Freedom of Information Act, 5 U.S.C.

3

STIPULATED PROTECTIVE ORDER

§552, 12 C.F.R. Part 309, the laws of the State of California, or any other applicable federal or state laws.

(c)   ***Bank and Bank Customers***.   Confidential Material related to the Bank, its customers, any trading company involved in placing orders for commodities futures or options, or any other entity, including Automated Clearing House items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation relating to any extension of credit or loan to any borrower.   Examples of "Confidential Material," without limitation, include documents containing a customer's account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan, or borrower relationship and loan application materials, and documents or information that contain the customer's name, address, social security number, date of birth or other similar identifying information.

STIPULATED PROTECTIVE ORDER

(d) **_Receivership_**.    Confidential Material related to the receivership of the Bank, including any information on loss or estimates of such loss on the Bank's assets not publicly available. Notwithstanding the provisions of paragraph 6(a) - (j), no such Confidential Material shall be disclosed to any person or entity known to have any current or prospective interest in such assets, whether or not that person or entity would otherwise be allowed access to documents and information under the terms of this Protective Order. This subparagraph (d), however, does not prevent such documents from being shared with experts or others listed in paragraphs 6(a) - (i).

(e) **_Third Parties._**    Confidential Material produced by independent contractors, outside accountants or auditors, or other entities or individuals who performed work for the Bank.

Notwithstanding the foregoing paragraphs (a) - (e), no Party is estopped or in any way prevented from later challenging the confidentiality designation of any document.

3.    **_Confidential Designation and Treatment of Confidential Material_**. Documents provided by any Party or third party pursuant to this Protective Order that are deemed and denominated by any Party or producing third party as "Confidential" pursuant to this Protective Order shall be deemed to be Confidential

Material, unless and until that designation is challenged pursuant to paragraph 4, below.  Confidential Material may be designated as such by affixing to the material the legend "Confidential."   The failure to designate any documents with such legend shall not constitute a waiver by any Party or producing third party of the right to assert that such documents contain protected Confidential Material.  In the event that any Party or third party produces Confidential Material without designating it as such, the producing Party or third party may notify the receiving Parties that the documents or information should have been designated Confidential Material, and the Parties will treat the documents as Confidential Material under this Protective Order.  Confidential Material shall only mean and shall be limited to the documents produced in this Action marked with a Bates Stamp number.  In the event a Party obtains a duplicate copy of a document produced in discovery in this litigation from a publicly available source, the Party acquiring the document shall not be required to comply with the terms of this Order regarding the use of the duplicate document, and the use of such duplicate document shall not be subject to the provisions of the Order.

4.   ***Challenge of Confidentiality Designation***.  A Party shall not be obligated to challenge the propriety of a designation of confidentiality at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any Party disagrees at any stage of these proceedings with the

STIPULATED PROTECTIVE ORDER

confidentiality designation by the producing Party or third party, the Parties shall first try to dispose of such dispute in good faith on an informal basis.  If after fifteen (15) days the dispute cannot be resolved, the Party objecting to the designation may, at any time thereafter, seek appropriate relief from the Court in which this Action is pending.  The challenged designation shall be maintained and shall remain in full force and effect pending the Court's determination on the challenged designation.

5.      ***Non-disclosure of Confidential Material.***  All Confidential Material provided pursuant to this Protective Order is provided solely and exclusively for purposes of litigating this Action.  Absent further written agreement between the Parties or further court order, all such materials shall be maintained confidential pursuant to this Protective Order and shall not be disclosed, discussed, or in any way divulged to any person for any other purpose, except as permitted under this Protective Order.

6.      ***Exceptions to Non-disclosure***.  The Parties agree that the Confidential Material shall be used only to investigate, analyze, litigate, and resolve this Action.  The Parties may disclose Confidential Material received pursuant to this Protective Order to the following persons or entities, provided that each person or entity, required to do so, complies with paragraph 7 below:

7

(a) counsel signing this Protective Order (together with any employees or independent contractors of counsel) engaged by any Party to assist or participate in the evaluation and resolution of the FDIC-R Claims;

(b) vendors, consulting experts, testifying experts and consultants engaged by any Party to assist or participate in the investigation, analysis and defense of the FDIC-R Claims;

(c) any potential insurer and potential insurer's counsel. A potential insurer may disclose Confidential Material to any of the insurer's reinsurers, regulators, auditors, or other entities to whom the insurer may be required to respond or report to in the ordinary course of business regarding the subject matter of the FDIC-R Claims, each of which are exempt from the requirements of paragraph 7 but only so long as such persons or entities are already subject to confidentiality obligations that are substantially similar to those set forth in this Order;

(d) the Defendant in this Action, including its officers, directors, employees, independent contractors or agents;

8

(e)     other Bank officers, directors, employees, independent contractors, or outside accountants or auditors who performed work for the Bank;

(f)     FDIC (in any of its capacities) personnel, including, but not limited to, its Chairman, Board of Directors, attorneys, investigators, senior executives, and others) conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the FDIC-R Claims, or the Action;

(g)     any witness or third party contacted by counsel for a party to investigate this case in this Action, provided, however, that no disclosure of Confidential Material to such persons shall be made unless and until the witness or third party has executed the agreement to maintain confidentiality;

(h)     Court officials involved in this Action including court reporters, certified translators or interpreters, and other Court personnel as are necessarily incident to the conduct of discovery, the preparation for the trial or the trial itself;

(i)     officers, employees, representatives, and agents of the Party that produced the Confidential Material may see any and all Confidential Material produced by that Party;

9

(j)     any individual who previously was privy to the Confidential Material or who prepared or assisted in its preparation;

(k)     any witness who testifies at a deposition or trial; provided, however, that the portions of any deposition transcript referencing Confidential Material shall be deemed Confidential Material and shall be bound separately in a transcript marked Confidential; and

(l)     any mediator, including any administrative assistant engaged by the mediator, engaged by the parties for a mediation in this Action.

In no event shall any Confidential Material be disclosed to any party, by consent or by identification in the foregoing list, without such person first having executed the appropriate acknowledgments and agreements required herein.   Notwithstanding this paragraph 6, Material that is Confidential pursuant to paragraph 2(d) shall not be disclosed to any person or entity known by Defendant to have any interest in Bank assets, whether or not that person or entity would otherwise be allowed access to documents and information under the terms of this Protective Order, without seeking and obtaining the permission of the Court in this Action.

7.     ***Protective Order Certificate***.  Unless otherwise ordered by the Court, Confidential Material may only be disclosed to persons or entities identified in

STIPULATED PROTECTIVE ORDER

subparagraphs 6(a) - (l).  Persons or entities identified in subparagraphs 6(c) (with counsel signing for any potential insurer and counsel's own law firm), 6(b), (d), (e), and (g) must sign a written Agreement to Maintain Confidentiality, in the form attached as Attachment A.  The Parties shall keep all of their respective Agreements to Maintain Confidentiality containing original signatures.

8.  ***Demands by Others for Confidential Materials***.  If any other person or entity demands, by subpoena or other judicial process, or by operation of law production of documents produced and marked as Confidential pursuant to this Protective Order, the Party receiving such demand shall promptly notify the producing Party or third party of such demand.  At its option, the producing Party or third party may elect to challenge the demand and assert any applicable protections.  The objecting Party or third party shall notify the other Parties hereto and issuing court or tribunal of its challenge as required by law, the subpoena, or other judicial process.  The burden of proving that Confidential Material is entitled to protection from disclosure shall be with the Party or third party making the claim.  When such a challenge is made, the Party who received the demand shall not produce any Confidential Material in the absence of consent by the producing Party or third party or an order by the issuing court or tribunal compelling production.

11

9.     ***No Waiver of Objections to Use; Filing Under Seal***.   The Parties hereto shall not contend or assert that a Party's production of Confidential Material pursuant to this Protective Order in any way acts as a waiver of any privilege, work product doctrine, or discovery or evidentiary objections by the producing Party, or otherwise entitles the receiving Party to obtain or use Confidential Material in a manner contrary to this Protective Order.   In the event any party, who has designated a document (the "Designating Party") as Confidential Material pursuant to this Order, wishes to file under seal the Confidential Material, the Designating Party shall first consult with the Non-Designating Party to determine whether agreement may be reached on an informal basis. After consulting with the Non-Designating Party, the Designating Party shall file a motion with the Court demonstrating good cause for the sealing with a request that the Confidential Material be filed under seal pursuant to Court rules and remain under seal until such time as the Court orders otherwise.   The Court will then determine whether the document should be filed under seal and enter an appropriate order.   In the event a Non-Designating Party wants to include in a court filing Confidential Material, which will not be the subject of a motion by the Non-Designating Party seeking the Court's permission to file the document under seal, the Non-Designating Party must give the Designating Party at least three days advance notice to allow the Designating Party to file its own motion seeking a Court

STIPULATED PROTECTIVE ORDER

determination of whether the document should be filed under seal.  The Non-Designating Party must not file the Confidential Material with the Court until the Court has ruled upon the Designating Party's motion to file under seal.  In the event the Designating Party fails to file a motion to seal within three days after notification by the Non-Designating Party of its intent to file Confidential Material, the Non-Designating Party shall not then be required to file the Confidential Material under seal.  Any Confidential Material filed under seal shall remain under seal until such time as the Court orders otherwise.

10. *Reservation of Rights*. Nothing in this Protective Order confers upon the Parties any further right or access to documents or information not provided by the other Parties, including but not limited to any documents a Party or third party withholds on the basis of any applicable privilege or immunity, regardless of whether such withheld document(s) may otherwise qualify as Confidential Material if produced rather than withheld.  With respect to Confidential Material produced, each Party reserves its rights under this Protective Order, and otherwise under law.  Any documents withheld on this basis or any other basis must be identified on a privilege log to be provided by the Party or third party asserting the privilege or other protection within two weeks of the date the document(s) would have been produced had it not been privileged or otherwise protected from disclosure.

STIPULATED PROTECTIVE ORDER

11.     ***Return of Documents***. Except as otherwise provided herein, within one hundred and eighty (180) days after final adjudication of this Action, including any resolution through settlement, unless otherwise agreed to in writing by Counsel for all Parties, the Parties shall either (a) assemble and return all Confidential Materials, including all copies thereof, to the producing Party or third party, or (b) certify in writing that all such information has been destroyed. Notwithstanding the foregoing, counsel for the Parties may maintain their complete file of all information related to the Action, including a complete set of all documents produced, all correspondence and electronic communications, all deposition transcripts and all pleadings and discovery requests and responses. The persons and entities identified in subparagraphs 6(a)-(c) and (g) may retain copies of any Confidential Material produced to them as reasonably necessary to comply with future requests for review by reinsurers, auditors, regulators, or as necessary to exercise or enforce any subrogation rights, or as necessary to meet other business requirements.  When such retention is no longer needed, such persons and entities shall return to the producing party the retained documents or destroy those documents in accordance with their standard document or data destruction procedures, subject to any applicable litigation hold or any other document or information hold imposed by any governmental body or court order. Any person or entity retaining such Confidential Material shall maintain its

STIPULATED PROTECTIVE ORDER

confidentiality in accordance with this Protective Order until such documents are returned or destroyed.  The Parties' counsel are also permitted to retain copies of Confidential Material provided to them in the course of their representation of the Parties.  This paragraph does not apply to any documents or information ordered produced by a court without the limitations set forth in this Protective Order, or to work product generated by counsel.  The Parties further agree that all documents generated by them that summarize or otherwise include Confidential Material are governed by all other sections and subsections of this Order.  To the extent any Party retains any Confidential Material pursuant to a separate written agreement, the terms of this Protective Order will continue to govern.

12.   ***Remedies***.   To enforce rights under this Protective Order or in the event of an alleged violation of this Protective Order, the Parties and/or any producing third party shall first seek to resolve the alleged violation through prompt and reasonable discussion.   In the event such efforts fail to promptly resolve the alleged violation, the Parties and/or any producing third party reserve the right to seek relief from the Court in the action for, <u>inter alia</u>, money damages, injunctive relief, or any other relief as appropriate.

13.   ***No Waiver of Privileges***.   Pursuant to Federal Rule of Evidence 502(d), the production of information that is subject to the attorney-client privilege, work product doctrine, or other claimed privileges, doctrines, exemptions, or

restrictions that the producing party might cite in good faith as a basis for withholding such information from production to any other party shall not be deemed, and shall not constitute, in this or any other federal or state proceeding, a waiver of any otherwise applicable privilege or protection.  The Parties shall not have to meet the requirements of Fed. R. Evid. 502(b)(1)-(3).  With respect to the FDIC, in any of its capacities, these privileges include, but are not limited to, any privilege that the Bank may have had or any federal or state regulatory agency may hold.  The Parties' production of Confidential Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege, work product doctrine, or any applicable privilege as to any other third party.

Furthermore, in the event that a Party or third party produces attorney-client privileged or otherwise privileged documents or information, or other documents protected by law from disclosure even under a Protective Order, and if the Party or third party subsequently notifies the receiving Party that the privileged documents or information should not have been produced, the receiving Party shall immediately return the originals and all copies of the inadvertently produced privileged documents and information.  Nothing in this Protective Order shall prevent the FDIC from using any Confidential Material that it produces to the Defendant in any of its capacities for any lawful purposes.

STIPULATED PROTECTIVE ORDER

14.   **Disclosure of Non-Party Borrower Information**.  To the extent any federal or state law or other legal authority governing the disclosure or use of Non-Party Borrower Information ("Non-Party Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Protective Order shall constitute compliance with such requirement.  To the extent any Non-Party Borrower Information Law requires a producing party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Non-Party Borrower Information, the Court finds that, in view of the protections provided for the information disclosed in this Protective Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Protective Order shall constitute an express direction that the producing party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Borrower Information in the Action.  To the extent that any Non-Party Borrower Information Law requires that any person or entity be notified prior to disclosure of Non-Party Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Protective Order, the volume of documents to be produced and the ongoing oversight of the Court, producing parties are explicitly prohibited from

STIPULATED PROTECTIVE ORDER

providing such notice in the Action; provided, however, that this Protective Order shall not prohibit any producing party from contacting any person or entity for any other purpose.  Any producing party may seek additional orders from this Court that such party believes may be necessary to comply with any Non-Party Borrower Information Law.

15.  ***Binding Effect; Assignment***.  The Protective Order shall be binding upon and inure to the benefit of the Parties hereto, their affiliates, their representatives, and the Parties' respective successors or assigns.  No Party may assign any right or delegate any duty under this Protective Order other than to an affiliate without the other Party's prior written consent.

16.  ***Notice***.  All notices required to be given under the Protective Order shall be in writing and delivered to the addressees set forth below.  Notice shall be sent by overnight delivery or registered or certified mail, return receipt requested, and shall be considered delivered and effective three days after mailing.

If to FDIC-R:          Emilia P. E. Morris
                       MORTGAGE RECOVERY LAW GROUP LLP
                       700 N. Brand Blvd., Suite 830
                       Glendale, CA 91203
                       *Counsel for Plaintiff FDIC as Receiver for AmTrust Bank*

If to Defendant:       Mary A. Dannelley
                       Law Office of Mary A. Dannelley
                       160 Newport Center Dr., Ste. 120
                       Newport Beach, CA 92660
                       *Counsel for Defendant United American Mortgage Corporation*

**So Stipulated:**

March 21, 2016                /s/ Emilia P. E. Morris
                              Emilia P. E. Morris
                              MORTGAGE RECOVERY LAW GROUP LLP
                              *Counsel for Plaintiff FDIC as Receiver for*
                              *AmTrust Bank*


March 21, 2016                /s/ Mary A. Dannelley
                              Mary A. Dannelley
                              LAW OFFICE OF MARY A. DANNELLEY
                              *Counsel for Defendant United American Mortgage*
                              *Corporation*


APPROVED AND SO ORDERED this __6__ day of ___April___, 2016.


_____
United States Magistrate Judge
Jay C. Gandhi

STIPULATED PROTECTIVE ORDER

**ATTACHMENT A**

**AGREEMENT TO MAINTAIN
CONFIDENTIALITY**

I hereby acknowledge that I have been provided and have read a copy of the

Stipulated Protective Order, (the "Protective Order"), a copy of which is annexed

hereto.  I understand that any Confidential Material within the meaning of the

Protective Order shown to me is confidential, shall be used by me only as provided

in the Protective Order, and shall not be disclosed by me unless expressly

permitted under the Protective Order.  I agree to abide by the terms of the

Protective Order.  I will return any such Confidential Material provided to me and

will not retain any copies of Confidential Material, including any notes or other

documents generated that include any content from the Confidential Material,

pursuant to the terms of the Protective Order.

Name:_____        Date:_____
              (signature)

Name:_____        Telephone:_____
              (printed)                                (Business)

Company:_____        _____
                                                          (Home)


                                                      _____
                                                          (Cell)

Address:_____

City:_____

State/Zip Code:_____

2